IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RODRICK MAURICE BRAYBOY** : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 24-CV-1087 |
| : | |
| **MAGISTRATE JUDGE LYNNE** : | |
| **SITARSKI**, *et al.*, : | |
| Defendants. : | |

### MEMORANDUM OPINION

**GOLDBERG, J.**                                                                                              **May 29, 2024**

Rodrick Maurice Brayboy, a prisoner currently incarcerated at SCI-Mahanoy, filed this civil rights Complaint naming as defendants Magistrate Judge Lynne Sitarski and the Clerk's Office of the United States Court of Appeals for the Third Circuit. Brayboy seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, the Court will grant Brayboy leave to proceed *in forma pauperis* and dismiss his claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.    FACTUAL ALLEGATIONS[1]

The allegations in Brayboy's Complaint (ECF No. 1) and subsequent Attachment (ECF No. 2) concern ongoing proceedings related to his petition for writ of *habeas corpus*. *See Brayboy v. S.C.I. Mahanoy*, No. 23-2475 (E.D. Pa.). The petition has been referred to Magistrate Judge

---

[1] The factual allegations are taken from Brayboy's Complaint, his subsequent attachment, and public dockets, of which the Court may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). The Court will construe the Complaint and subsequent attachment together to constitute the Complaint in this matter and adopt the pagination supplied by the CM/ECF docketing system.

1

Sitarski.[2]  Brayboy contends that Magistrate Judge Sitarski has improperly delayed rulings on his petition for *habeas corpus* "against" her.[3]  He also asserts that rulings on motions for summary judgment that he filed in that proceeding have been delayed, and that some of those motions have been improperly assigned by the "Clerk's Office"[4] to Magistrate Judge Sitarski's docket, rather than being assigned to another judge.  (ECF No. 1 at 5, § IV.D.; ECF No. 2 at 2.)  He seeks money damages and injunctive relief that his petition be adjudicated.  (ECF No. 1 at 5, § VI.)

## II.   STANDARD OF REVIEW

The Court grants Brayboy leave to proceed *in forma pauperis* because it appears that he is incapable of paying the full filing fee in advance to commence this civil action.[5]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a

---

[2]  The *habeas corpus* petition challenges Brayboy's 2021 convictions and sentence in the Delaware County Court of Common Pleas.  *See Brayboy*, No. 23-2475, ECF No. 1 at 1 (citing No. CP-23-CR-0001302-2019 (C.P. Delaware)).  It was referred to Magistrate Judge Sitarski for a report and recommendation.  *See id.*, ECF No. 6; *see also* 28 U.S.C. § 636(b)(1)(B).

[3]  While Brayboy listed Magistrate Judge Sitarski as a respondent in his amended petitions (*see* No. 23-2475, ECF Nos. 23, 26), she is not a proper respondent to Brayboy's *habeas corpus* petition challenging a state conviction.  *See* Rule 2(a) of the Rules Governing Section 2254 Petitions in the United States District Courts ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody.").

[4]  Although Brayboy named as a defendant the "Clerk's Office of the Third Circuit [Court of Appeals]," his factual allegations appear to be directed at the Clerk of the United States District Court for the Eastern District of Pennsylvania.  (*Compare* ECF No. 1 at 3, *with* ECF No. 2 at 2.)

[5]  However, as Brayboy is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Brayboy is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

Brayboy seeks money damages and injunctive relief due to alleged violations of his civil rights.  Federal constitutional claims may be brought in federal court pursuant 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Brayboy asserts claims against Magistrate Judge Sitarski for her alleged delay in ruling on his petition and motions or the improper denial of those motions.[6]  Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction.  *See Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (*per curiam*); *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*).  An act is taken

---

[6] The docket reflects that Magistrate Judge Sitarski ordered the Respondents to file an answer to Brayboy's *habeas corpus* petition by May 26, 2024.  *See Brayboy*, No. 23-2475, ECF No. 57.

in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)). Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991), or even if they are allegedly taken as a result of a conspiracy with others, *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

Although judicial immunity previously applied only to damages claims, "[i]n 1996, Congress amended 42 U.S.C. § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006) (*per curiam*) (quoting § 1983); *Brandon E. ex rel. Listenbee v. Reynolds*, 201 F.3d 194, 197-98 (3d Cir. 2000) (observing that the 1996 amendment "implicitly recognizes that declaratory relief is available in some circumstances, and then limits the availability of injunctive relief to circumstances in which declaratory relief is unavailable or inadequate"). In the context of judicial defendants, the United States Court of Appeals for the Third Circuit has explained that "a judge who acts as a neutral and impartial arbiter of a statute is not a proper defendant to a Section 1983 suit challenging the constitutionality of the statute." *Allen v. DeBello*, 861 F.3d 433, 440 (3d Cir. 2017).

Brayboy's claims against Magistrate Judge Sitarski are based on acts that she has taken in her judicial capacity in a case over which she unquestionably has jurisdiction. She is thus

4

absolutely immune from suit. Brayboy's claims for both money damages and injunctive relief will be dismissed with prejudice.

Brayboy's claims against the "Clerk's Office of the Third Circuit" (ECF No. 1 at 3) related to the docketing of his filings also must be dismissed with prejudice on the grounds of sovereign immunity. The courts are part of the judicial branch of the federal government and are entitled to sovereign immunity absent a waiver. *See Alston v. Admin. Offices of Delaware Courts*, 663 F. App'x 105, 108 (3d Cir. 2016) (*per curiam*) (holding that the United States Bankruptcy Court "is part of the judicial branch of the Federal Government and, absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Ellerbe v. United States Dist. Ct. for E. Dist. of Pennsylvania*, No. 22-4250, 2022 WL 17177481, at *3 (E.D. Pa. Nov. 23, 2022) (same). The United States has not waived sovereign immunity for civil rights actions. *See Ellerbe*, 2022 WL 17177481, at *3 n.3 (citing *Alasevich v. U.S. Air Force Reserve*, No. 95-2572, 1997 WL 152816, at *1 (E.D. Pa. Mar. 26, 1997) ("There is notably no sovereign immunity waiver for claims of constitutional violations or claims brought under § 1983.")).

To the extent that Brayboy intended to bring claims against the Clerk or individual employees of the Clerk's Office, such claims must also be dismissed. Courts have held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See, e.g.*, *Ellerbe*, 2022 WL 17177481, at *3 n.3 (citing *Lucarelli v. Norton*, No. 06-53, 2006 WL 709319, at *7 (M.D. Pa. Mar. 17, 2006); *Pokrandt v. Shields*, 773 F. Supp. 758, 765 (E.D. Pa. 1991) (noting that courts have held that clerks of court are entitled to immunity the same as judges); *DeFerro v. Coco*,

719 F. Supp. 379, 381 (E.D. Pa. 1989) (holding that absolute immunity extends to court clerk because he was a "nonjudicial officials whose activities are integrally related to the judicial process and involve the exercise of discretion comparable to that of a judge"); *Mercedes v. Barrett*, 453 F.2d 391, 392 (3d Cir. 1971); *Lockhart v. Hoenstine*, 411 F.2d 455, 460 (3d Cir. 1969) ("In addition to the recognized immunity enjoyed by judicial and quasijudicial officers, including prothonotaries, there exists an equally well-grounded principle that any public official acting pursuant to court directive is also immune from suit."). Notably, Brayboy himself included the docket number for his *habeas corpus* proceeding in the captions of the pleadings he sent to the Clerk for filing in that action and for which he now seeks to hold the Clerk liable for performing a prescribed duty in entering them on that docket. The Clerk is thus entitled to quasi-judicial immunity for that act.[7]

Finally, to the extent that Brayboy's claims may be read as requesting mandamus relief, they also must be dismissed. Pursuant to 28 U.S.C. § 1361, district courts "have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Mandamus relief is generally considered a "drastic" remedy, "to be invoked only in extraordinary situations." *Kerr v. United States Dist. Ct. for N. Dist. of California*, 426 U.S. 394, 402 (1976). A party seeking a writ of mandamus must show that he has "(i) no other adequate means of obtaining the desired relief and (ii) a 'clear and indisputable' right to issuance of the writ." *Mote v. United States Dist. Ct. for*

---

[7] In any event, the Supreme Court has never recognized a civil rights cause of action against a federal government actor under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), similar to the one Brayboy seeks to raise in this case, and extending *Bivens* is "a 'disfavored' judicial activity," *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017). Thus, any civil rights claim against the Clerk of Court related to the filing of Brayboy's documents is not plausible for this additional reason.

*Middle Dist. of Pennsylvania*, 858 F. App'x 39, 40 (3d Cir. 2021) (*per curiam*) (citations omitted), *cert. denied*, 142 S. Ct. 906 (2022).

For a district court to have subject matter jurisdiction to compel the action of an individual pursuant to § 1361, the individual must be "an officer or employee of the United States or any agency thereof." *See Semper v. Gomez*, 747 F.3d 229, 250-51 (3d Cir. 2014). The United States Court of Appeals for the Third Circuit has concluded, "in determining whether an individual qualifies as an officer or employee of the United States or any agency thereof, . . . that Congress, in enacting § 1361 was thinking solely in terms of the executive branch." *Mendez v. Plaskett*, 764 F. App'x 201, 202 (3d Cir. 2019) (internal citations and quotations omitted). Consequently, courts have held that § 1361 does not confer subject matter jurisdiction on federal district courts to compel the actions of judges and judicial employees. *See Semper*, 747 F.3d at 250-51 (citing *Trackwell v. United States Government*, 472 F.3d 1242, 1246 (10th Cir. 2007) (noting that "[f]or a district court to issue a writ of mandamus against an equal or higher court would be remarkable"); *Viola v. United States*, No. 17-0856, 2017 WL 4318029, at *3 (D. Conn. Sept. 28, 2017) (holding that district court lacked subject matter jurisdiction to issue a writ of mandamus against federal district court judge).

For these reasons, the Court will dismiss Brayboy's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Brayboy's claims will be dismissed with prejudice because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order will be entered separately.